UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

v. CASE NO. 3:25-cr-30-JEP-SJH

ANDREW RYAN WILKINSON

# ORDER

Defendant previously filed a motion to compel the disclosure of allegedly exculpatory evidence contained on a laptop computer alleged to contain contraband depictions ("First Motion"). Doc. 169. The Government responded and explained, *inter alia*, that "the United States, through Homeland Security Investigations (HSI) agents," would "make defendant's computer devices, or digital extractions thereof, available to a defense forensic examiner or investigator for inspection and forensic review … at the HSI office in Jacksonville"; that during such forensic review, the "defense team may search any or all of the digital evidence for the materials that defendant claims to exist on his Acer laptop computer and other devices, or for any other information, including child pornography, contained on those devices"; and that the Untied States had "no objection to a motion by the defense requesting that the Court appoint a forensic examiner or investigator for this purpose, and HSI will make these materials available for this examination at a mutually convenient time." Doc. 172 at 3–4. Accordingly, the Court denied the First Motion to compel without prejudice. Doc. 173.

Defendant thereafter filed another motion ("Second Motion") rejecting the above-referenced proposal and stating *inter alia* "I, Andrew Ryan Wilkinson, Pro se, want to Personally inspect the Acer Laptop and iPhone 14 Plus, Physically. …. I do not want alleged copies of evidence, I want the physical evidence. all evidence, made available for inspection by me." Doc. 176 at 1. The Second Motion did not contain any legal memorandum as required by Local Rule 3.01(b) and did not cite any supporting authority whatsoever. *See generally id.* In response to the Second Motion, the United States indicated *inter alia*:

> The United States cannot provide defendant with physical access to his actual devices (his Apple iPhone 14 Plus device and his Acer laptop computer). This is because the Homeland Security Investigations agents have a duty to protect and maintain the integrity of the original electronic evidence and prevent accidental data loss, tampering, destruction of evidence, and other security risks. That said, the United States will provide defendant with reasonable, personal access to forensic images or extractions of the electronic evidence contained in his devices. These extractions will be contained with a restricted, air-gapped laptop computer provided by HSI that also contains software that will allow defendant to review the extractions. This access will be provided on a mutually convenient date and time at a government facility. Counsel for the United States and HSI personnel will work directly with defendant's standby counsel to coordinate and facilitate this review.

Doc. 178 at 3 (footnotes omitted).

On June 24, 2026, the undersigned held a hearing on the Second Motion, the record of which is incorporated herein ("Hearing"). *See* Doc. 192. At the Hearing, Defendant argued that the Government's above-quoted inspection and review proposal was unsatisfactory because he wanted to work off the original electronic devices, not forensic images, extractions, or copies. *Id.* at 5–8. The undersigned noted

that the Second Motion included no citations of legal authority and, among other things, asked Defendant for any legal authority supporting his demand to work from original devices. *Id.* at 10–11. The Defendant offered his interpretation of Fed. R. Civ. P. 16—more on that below—but otherwise confirmed having no supporting authority at that time. *Id.* Among other things, the undersigned expressed a different read and analysis of Rule 16.[1] *Id.* at 14. The undersigned also expressed practical concerns with respect to the integrity of the evidence. *Id.* at 15–16.[2] At the Hearing, Defendant reiterated what the prior papers had made clear——that notwithstanding any challenges he might face, he wanted any review to be conducted by himself personally and that he did *not* want a forensic examiner to assist him. *Id.* at 20–21; *see also* Doc. 172 at 3–4; Doc. 173 at 2; Doc. 176 at 1.

The undersigned ultimately directed the parties to proceed in accordance with the Government's above-quoted inspection and review proposal, denied the Second Motion without prejudice to the filing of a renewed motion limited exclusively to the issue of inspection of original devices within 5 days thereof, and explained the hurdles Defendant might face with respect to any such renewed motion as well as the considerations Defendant would need to account for (both legally and factually) in any

[1] At the Hearing, the undersigned expressed potential concerns with Defendant's demand both under Rule 16 and under 18 U.S.C. § 3509(m). For the reasons set forth herein, although § 3509 may ultimately provide additional reasons for denying Defendant's demand for original devices, such issues are generally unnecessary to reach, as Defendant's demand fails even without further considering the restrictions in § 3509.

[2] Defendant confirmed at the Hearing that his proposal would involve him being able to "click on things" and access and review information directly from the original devices. *Id.* at 20–21.

renewed motion. *See* Doc. 187 ("As stated and for the reasons stated on the record at the hearing before the undersigned on June 24, 2026 ('Hearing'), Defendant's [Doc. 176] notice and motion for inspection of physical evidence ('Motion') is denied without prejudice. The parties shall promptly coordinate Defendants inspection in accordance with the proposal in the Government's [Doc. 178] response ('Inspection and Review'). In accordance with the Court's instructions at the Hearing, to the extent the Motion requested leave for Defendant to personally and physically obtain and document information through inspection of original device(s), Defendant may file a renewed motion directed and limited to that discrete issue by no later than 5 days after the Inspection and Review."); *see also* Doc. 192 at 22–25.[3] Defendant confirmed he

[3] As the undersigned explained in part at the Hearing:

> For the reasons in the government's response and the reasons articulated by the Court previously, I don't think the defendant has a right to inspect the actual devices. I also think that to some extent, there may be a misunderstanding of what actually Mr. Wilkinson will get.
>
> … My inclination is to deny the motion without prejudice to allow this process, as the government proposes an offer, to occur. That way Mr. Wilkinson won't have to take someone's explanation for what is available. He'll actually be reviewing it …
>
> And -- and when I say without prejudice, within five days of that review occurring -- … [w]ithin five days of that occurring, if Mr. Wilkinson believes there's still a basis for inspection of the devices, he can file a renewed motion limited to that issue.
>
> This is not re-raising any other motions deadlines or any other issues, but it needs to be very specific to Mr. Wilkinson and overcome the concerns the Court has expressed. I do not -- I have concerns with your ability to inspect the actual devices for the reasons stated. But if you want to make a renewed motion after reviewing everything the government has made available, you would have that opportunity within five days of your review occurring, again, with the -- with the expectation that you'd have specific facts and specific legal authority…
>
> But I'm going to stick with the inclination I had, which is to let you coordinate and undertake the review as proposed by the government. The motion at Doc. 176 is denied without prejudice. Within five days of the review, whenever it occurs, you can file a renewed motion limited to that specific issue -- no other motions -- if you deem it appropriate. And that must

understood the Court's ruling and instructions, Doc. 192 at 25, which were announced at the Hearing, *id.* at 22–25, and memorialized in the Court's Order, Doc. 187.

Now before the Court are additional motions following the Inspection and Review subsequent to the Court's ruling on the Second Motion. On July 27, 2026, Defendant filed a motion ("Third Motion") that is titled: "Renewed; Motion to inspect original Physical Devices / Evidence, Enforce (Doc. 14) standing order; *Notice* Physical Evidence has been Destroyed, Forfeited and or sold to the Public by the Department of Homeland Security; (Exhibit A). (Doc. 187) *See 19 USCS 1609*[.]" Doc. 188. On August 17, 2026, Defendant filed another motion ("Fourth Motion") that is titled "Motion to compel government to Produce original electronic evidence (devices) / *Motion in Limine to Prohibit the government from introducing any 'other evidence', (duplicates or testimony), Pursuant to Federal Rules of evidence Rule 1004(a), Due to loss or destruction of original electronic devices/data/evidence,* in Bad faith./Failure to Preserve." Doc. 193. The Government has responded, Docs. 190, 202, and the Third Motion and the Fourth Motion are ripe for review.[4]

The Third Motion generally recounts the filings and proceedings preceding the

---

include specific facts and specific citations of legal authority.
Doc. 192 at 22–25.

[4] Defendant filed an unauthorized reply in support of the Third Motion, which the Court struck. *See* Docs. 196, 198. In an abundance of caution, the undersigned has nevertheless reviewed and considered the unauthorized reply. *See, e.g.*, *Crosby v. Fla.*, No. 3:22-cv-67-MMH-LLL, 2022 WL 17418470, at *1 n.1 (M.D. Fla. Dec. 5, 2022); *Salem Homes of Fla., Inc. v. Res-Care Inc.*, No. 3:19-cv-333-J-39MCR, 2020 WL 11362262, at *1 n.1 (M.D. Fla. Mar. 30, 2020); *United States v. Beltran-Rengifo*, No. 6:14-cr-29-Orl-37DAB-2, 2016 WL 8200518, at *1 (M.D. Fla. Aug. 3, 2016); *see also Encompass Floridian Ins. Co. v. Dunn*, No. 6:18-cv-228-Orl-41DCI, 2019 WL 5398933, at *3 n.2 (M.D. Fla. Oct. 1, 2019), *report and recommendation adopted*, 2019 WL 5391101 (M.D. Fla. Oct. 22, 2019).

denial of the First Motion and the Second Motion; it then repeats similar arguments to those the Court has rejected, continuing to insist there was a *Brady* violation premised on the Government's failure to make available original electronic devices (which the Court had ordered it was not required to do). *See generally* Doc. 188. It does not contain specific facts outlining how the prior Inspection and Review was insufficient to allow the opportunity for appropriate review by Defendant,[5] nor does it contain specific legal authority supporting a defendant's ability to demand to manipulate original electronic devices (much less devices alleged to contain the type of contraband alleged in this case) to review information rather than work off copies from those devices. In short, the Third Motion does not comply with the Court's prior ruling or instructions, ventures outside the limited and discrete scope that the Court authorized for any renewed motion to inspect original electronic devices, and does not adequately support the limited relief that Defendant was permitted to seek to renew.[6]

---

[5] Defendant swore in the Third Motion that he "was unable to inspect or comprehend the government[']s alleged extractions or copies of the original electronic evidence" as he was "not a trained computer forensics specialist." Doc. 188 at 1. Defendant also swore, as he has repeatedly insisted, that he declined the assistance of any such specialist. *See id.* at 2 ("I am representing myself and do not have or intend on having [a forensic] examiner or investigator[.]"). These sworn representations—that Defendant was unable to inspect or comprehend what he was provided for review, and that he rejected the assistance of an examiner or investigator to facilitate review—seemingly foreclose any conclusory allegations that any data provided for Defendant's review was altered and/or incomplete. The Court further notes that the Government represents that Defendant refused even to attempt to participate in the Inspection and Review, instead immediately pivoting to his demand for original devices. *See* Doc. 190 at 3; Doc. 190-1. And Defendant himself (in his unauthorized and stricken reply), has made sworn statements consistent with this representation, personally confirming that when Defendant was brought to the courthouse for the Inspection and Review he instead asked for "the original electronic devices" and, when told he would not be receiving them, "was ready to leave immediately." Doc. 196 at 3–4. In any event, the ultimate result is the same—Defendant does not know the contents of the data made available for his review.

[6] Indeed, despite the Court's prior ruling and instructions, the Third Motion barely acknowledges the Inspection and Review, instead relying on conclusory and misguided arguments

For these reasons, the Third Motion is due to be denied.

Moreover, and even if further considered, the arguments in the Third Motion fail for the reasons stated at the Hearing and herein. Defendant's demand for only original devices appears contrary to the plain language of Fed. R. Crim. P. 16. *See* Fed. R. Crim. P. 16(a)(1)(E); *see also United States v. Glatz*, No. 3:19-cr-218-TAV-DCP-1, 2021 WL 4943056, at *1, *3, *8 (E.D. Tenn. Oct. 22, 2021) (denying an appeal motion objecting to magistrate judge's order denying motion to compel production of original cell phone and SD card where, among other things, the magistrate judge "found that it was mandatory under Federal Rule of Criminal Procedure 16(a)(1)(E) that the government permit inspection of such evidence, but the plain language of that rule permits the government to provide copies in lieu of the actual evidence"; "concluded that the government's provision of a copy of the data on the cell phone and SD card complied with Rule 16(a)(1)(E)"; and "also found that defendant was not entitled to inspect and manipulate the actual tangible items because doing so would compromise the integrity of the data therein").

And even if Fed. R. Crim. P. 16(a)(1)(E) might otherwise support Defendant's demand (and it does not), Fed. R. Crim. P. 16(d)(1) shuts the door here. The latter provision makes clear that "[a]t any time the court may, for good cause, deny, restrict,

---

that the Court has already considered. By way of example, Defendant—despite professing an inability to comprehend that to which he was given access—appears to speculate that it must be incomplete because a summary report previously produced to him did not purport to discuss all data on all devices. *See* Doc. 188 at 3–4 (citing *id.* at 18). But that a particular report "may not detail every" artifact available does not mean that the data itself was not imaged and made available for Defendant's review. *See id.* at 18. Indeed, Defendant ignores that the summary report to which he partially cites states at the outset that the seized devices were submitted for forensic analysis and "were imaged." *Id.* at 17.

or defer discovery or inspection, or grant other appropriate relief." *See* Fed. R. Crim. P. 16(d)(1). In short, as the Eleventh Circuit recently reminded, "above all, the district court retains 'broad authority' to 'deny, restrict, or defer discovery' upon a finding of good cause." *United States v. Thompson*, No. 24-11009, 2026 WL 2474208, at *6, --- F.4th --- (11th Cir. Aug. 24, 2026) (citing *United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) and Fed. R. Crim. P. 16(d)(1)). Under the circumstances—including the need to preserve the integrity of the evidence—there is good cause to disallow Defendant's demand to utilize and manipulate the original electronic devices here. *See, e.g.*, *Glatz*, 2021 WL 4943056, at *1, *3, *5 (rejecting defendant's argument "that an inspection of the physical evidence would not jeopardize its integrity" and affirming the magistrate judge's "conclusion that his accessing the physical cell phone and SD card could compromise the integrity of the data therein"); *United States v. Kuhnel*, No. 17-cr-158-JRM-BRT, 2019 WL 6769417, at *9–10 (D. Minn. Dec. 12, 2019) (agreeing with the Government's position that a defendant's requests, including "to 'forensically examine the seized HP laptop himself[,]'" did "not comply with the law and risk[ed] compromising the integrity and security of the HP laptop, which contain[ed] most of the evidence in" the case, and instead ordering "a defense examination of a forensic copy" as proposed by the Government). Indeed, working off copies to preserve the integrity of evidence is common (particularly in cases such as these) and consistent with applicable law. *See, e.g.*, *United States v. Belitsky*, 566 F. App'x 777, 780 & n.3, 782 (11th Cir. 2014) (explaining that "FBI analyses of the hard-drives from [two seized] computers indicated the presence of child pornography"; that "[r]ather than risk

damage to the original hard-drives, the FBI followed standard procedure and made exact mirror-images of the hard-drives for testing purposes"; and that the defendant's trial counsel did not perform "deficiently because he failed to file a motion to compel production of the original hard drives in his computer and a motion asserting prosecutorial misconduct on the basis of denial of access to the evidence" as the defense team "was granted access to hard drive mirror images in lieu of the original hard drives, and" the defendant's expert confirmed "that this access was sufficient");[7] *cf. Thompson*, 2026 WL 2474208, at *6 (rejecting defendant's argument premised on his complaint "that rather than reviewing 'the data in its native format,' as he would have preferred, he was forced to do so through a forensic program 'with an FBI agent looking over his shoulder'"; explaining that "the law does not demand that an alleged child pornographer have unsupervised access to devices that contain or likely contain child sexual abuse material"; and explaining that 18 U.S.C. § 3509(m) requires that a defendant "be allowed 'ample opportunity for inspection, viewing, and examination' at a government facility, not that he be given access to the data alone or in his preferred format").[8]

[7] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

[8] Finally, to the extent the Third Motion could be construed to seek other unspecified relief based on allegations that the Government lost or spoliated evidence, such arguments are untimely and outside the scope of the limited renewed motion for inspection of original devices that Defendant was permitted to file, *see* Docs. 158, 187; are premised on Defendant's conclusory misinterpretation of other documents (such as a notice of potential forfeiture from March 3, 2025), *see* Doc. 188 at 4–6, 11–14; Doc. 190 at 4–5; Docs. 190-1–190-6; and are inconsistent with Defendant's representations that he does not know what data was made available to him in the Inspection and Review, *see supra* note 5.

The Fourth Motion, filed on August 17, 2026, mostly repackages arguments that were or could have been made earlier, including in the Third Motion. Doc. 193. It thus fails as both untimely and successive. *See* Docs. 158, 187; *see also United States v. Crespo*, 178 F.4th 1250, 1267 (11th Cir. 2026). Regardless, even if considered, for the same reasons discussed previously, Defendant has not shown either entitlement to his request for the original devices or spoliation of evidence.[9]

Accordingly, it is **ordered** that the Third Motion, Doc. 188, and the Fourth Motion, Doc. 193, are each **denied.**

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of September, 2026.

Samuel J. Horovitz
United States Magistrate Judge

[9] To the extent the Fourth Motion could be construed to argue for exclusion in limine on the basis that copies or data extractions from devices are categorically inadmissible, the undersigned is unpersuaded. *See, e.g.*, *United States v. Jones*, No. 3:26-mj-1-HTC, 2026 WL 1113394, at *6 (N.D. Fla. Apr. 23, 2026); *see also United States v. Blair*, 174 F.4th 1309, 1317–18 (11th Cir. 2026) (discussing the standard for authentication and rejecting defendant's argument "that the district court should not have admitted the texts, photos, and FaceTime call records extracted from his cell phone"). Nor, for the reasons herein, has Defendant shown any basis for exclusion in limine here. Nothing herein is intended at this time, subject to any rulings by the district judge at trial, to address ultimate admissibility and/or arguments as to the weight of any particular evidence.

Copies to:
Asst. U.S. Attorney (Brown)
Andrew Ryan Wilkinson
C. Eric Roper, Esquire